# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **YENILUIS ROJAS-TAMAYO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WARDEN, OF ERO EL PASO CAMP** | § | **No.  3:26-CV-00494-LS** |
| **EAST MONTANA DETENTION** | § | |
| **FACILITY; MARY DE ANDA** | § | |
| **YBARRA, ICE DISTRICT DIRECTOR,** | § | |
| **EL PASO TEXAS; KRISTI NOEM, IN** | § | |
| **HER CAPACITY AS SECRETARY OF** | § | |
| **HOMELAND SECURITY; AND PAM** | § | |
| **BONDI, IN HER CAPACITY AS** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO PREVENT TRANSFER OF PETITIONER

Petitioner Yeniluis Rojas-Tamayo filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion to prevent his transfer from his current place of detention, ERO El Paso Camp East Montana.[2] Petitioner asks that the Court use its "inherent authority to issue orders necessary to preserve . . . jurisdiction" to prevent his transfer.[3] However, the transfer of Petitioner to a different facility will not cause the Court to lose jurisdiction over his habeas petition. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[4] If Petitioner is transferred,

---

[1] ECF No. 2.

[2] ECF No. 3.

[3] *Id.* at 2.

[4] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

he need only amend his petition to ensure that his immediate physical custodian is named as a respondent.[5]

If Petitioner wishes his motion to be construed as a motion for a temporary restraining order, the Court will deny it because Petitioner did not address all of the required elements for injunctive relief. These elements are:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [6]

Petitioner only addresses the second element, stating that transferring him would cause irreparable harm.[7]

For these reasons, the Court denies the motion [ECF No. 3].

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 26, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that the proper respondent in a habeas petition is the one who has "*immediate custody* of the party detained").

[6] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

[7] ECF No. 3 at 2.